"O"   JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-1419 AG (RNBx) | Date | March 23, 2009 |
|---|---|---|---|
| Title | GROUP INDEPENDENT SALES ORGANIZATION, INC. v. TELESERVICES, INC., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**     **ORDER GRANTING MOTION TO DISMISS**

Before the Court is a Motion to Dismiss ("Motion") filed by Defendant Michael Sussman ("Sussman"). Because the parties in this case agreed to litigate their claims exclusively in Tennessee, the Court GRANTS the Motion.

This case is based on a 2004 contract between Plaintiff Group Independent Sales Organization ("GISO") and Defendant Teleservices, Inc. ("Teleservices"). Defendant Sussman was apparently a director of Teleservices in 2004 and signed the agreement. (Compl. Ex. A.) GISO now alleges that Teleservices breached that contract and brings claims for conversion, fraud, breach of contract, and common counts against both Teleservices and Sussman.

In his Motion to Dismiss, Defendant Sussman argues that this Court lacks personal jurisdiction over the defendants, that the parties expressly agreed to litigate their claims in Tennessee, that GISO has failed to join indispensable parties, and that GISO has no standing to bring this suit. Because the Court finds that the parties did expressly agree to litigate their claims in Tennessee, the Motion is GRANTED. The Court does not address Sussman's other arguments.

GISO attaches the relevant Merchant Agreement in this case to the Complaint. That agreement contains a forum selection clause:

> This agreement shall be governed by the laws of the State of Tennessee. Any action, including an original complaint or third party claim, by or in the right of any part of this Agreement or any actions under or in any way related to this Agreement, including but not limited to a claim for payment under the Agreement, or including

"O"   JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-1419 AG (RNBx) | Date | March 23, 2009 |
|---|---|---|---|
| Title | GROUP INDEPENDENT SALES ORGANIZATION, INC. v. TELESERVICES, INC., et al. | | |

        any non-contract claim [collectively "Claims"], shall be brought and maintained exclusively in a state or federal court of competent subject matter jurisdiction in Shelby County, Tennessee and the parties hereby submit themselves to the personal jurisdiction and venue of these courts for the purposes of any such action and hereby waive any defense related to personal jurisdiction or venue.

(Compl. Ex. A. ¶ 20.)

A forum selection clause is presumptively valid. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). But in cases of form contracts, forum selection clauses are subject to judicial scrutiny for fundamental fairness. *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595 (1991). Courts consider three factors in evaluating fundamental fairness: evidence of a bad-faith motive, evidence of fraud or overreaching, and notice of the forum provision. *See id.*; *Dempsey v. Norwegian Cruise Line*, 972 F.2d 998, 999 (9th Cir. 1992).

Here, GISO presents no evidence of a bad-faith motive, fraud, or overreaching, and GISO does not argue that either party was given insufficient notice of the forum selection provision. Puzzlingly, in its Opposition to the Motion, GISO does not address the forum selection provision at all. The Court finds that enforcing the provision is fundamentally fair.

Because the forum selection clause is valid, venue is not proper in this District. Under 28 U.S.C. 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Motion to Dismiss is GRANTED.

                                                                                         :   0

Initials of Preparer     lmb